PRICE *et al.*, *Appellants*, v. ESTILL *et al.*

1. **Equity**: MISTAKE OF LAW. A court of equity will not relieve against a mistake of law, unmixed with a mistake of fact.

2. ———: SETTING ASIDE DEED OF TRUST. A trustee of an estate, held under a will in trust for the testator's children, without authority therefor, encumbered land belonging to it with a deed of trust to secure a loan made to him individually and afterwards took credit for the amount of the loan against the children in his settlement as their guardian. *Held*, that in an action by the wards to cancel the deed of trust, because made without the authority of the will, they would not be required as a condition for the relief sought to refund the amount of the loan to the purchaser under the deed of trust.

*Appeal from Pettis Circuit Court.*—HON. JOHN P. STROTHER, Judge.

REVERSED.

*G. P. B. Jackson* for appellants.

(1) Chilton made the loan understanding it to be to Courtney individually and not to or for the trust estate. He did not even loan the money for the purpose of paying off Moore's lien, although Houston, his agent, claims that he knew that Courtney intended to use it for that

purpose. Still, if Chilton had made the loan for that express purpose, he would not be entitled to the relief given by the court below. One loaning money to pay off a vendor's lien, and which is used for that purpose, is not entitled to be subrogated to the lien. *Wooldridge v. Scott*, 69 Mo. 669; *Dormer v. Miller*, 15 Wis. 612; *Barber v. Lyon*, 15 Iowa, 37. Under such circumstances, the lender is a mere volunteer. (2) In making the deed of trust to Houston, Courtney pretended to act as "executor" of Price, when he had long ceased to be such. Those who dealt with him were bound to know the extent of his powers, and the nature of the title held by him. If the alleged power does not exist, they take nothing. *McClure v. Logan*, 59 Mo. 234–7. The deed to Courtney led to the fact that he did not hold as "executor," and the investigation, which common prudence demanded, would lead to full knowledge of the condition of the trust property. *Brush v. Ware*, 15 Peters, 113–14. And when Estill took the note, secured by the pretended deed of trust, he was affected with notice of all such matters. *Brownlee v. Arnold*, 60 Mo. 78; Dan'l Neg. Inst., secs. 156 and 835. Persons dealing with trustees, at a considerable distance of time, without an apparent reason for raising money, are under some obligation to inquire into the *bona fides* of the trustees, where the latter are merely trustees, and not entitled to the estate. Hill on Trustees, p. (363) 553 note. The heir is not in privity with the executor—for he does not claim under him—and is not estopped by his acts or declarations. Bigelow on Estop. 78–9. (3) The evidence shows that Courtney, at the time he borrowed this money, had a large amount of money and other property belonging to these heirs, in his hands, and had, also, used a large amount for his own purposes; he never brought the money, borrowed from Chilton, into the trust fund, but he charged against the heirs in his settlements the amounts paid to Moore, thus show-

ing that it was taken out of or charged against that which he held of the trust fund. (4) The decree of the lower court is wrong in that it compels the heirs to pay the above sum twice. Therefore, Estill should not be subrogated to Moore's lien. *McGinnis' Appeal*, 16 Pa. St. 445. In all cases permitting relief similar to that given in the decree of the lower court, the facts showed a sale made and avoided by some irregularity of proceeding or mistake of fact (but where the powers to sell existed, if it had been properly executed), and also that the purchaser had paid his money without any notice or suspicion of infirmity in his title. A purchaser with notice is not entitled to compensation for improvements. *Dart v. Hercules*, 57 Ill. 446; *Davidson v. Barclay*, 63 Pa. St. 406; *Cannon v. Copeland*, 43 Ala. 252; *Cook v. Craft*, 3 Lans. (N. Y.) 512. There is a clear distinction between the want of power and the defective execution of a valid existing power; a mistake or ignorance as to these would be, in the one case, of law; in the other, of fact. Equity may relieve in the latter, but never in the former. *Hampton v. Nicholson*, 23 N. J. Eq. 234; *Shinn v. Budd*, 14 N. J. Eq. 234; *Branham v. Mayor*, etc., 24 Cal. 585.

*Draffen & Williams* for respondent, Estill.

(1) The debt due Moore was a lien upon the land in controversy. The title was held by Courtney, as trustee for the Price heirs, subject to said lien. In order to redeem it, Courtney, as such trustee, borrowed the money from Houston, as agent for Chilton. The plaintiffs, having received the benefit of the money, cannot be granted equitable relief, except upon condition that they do equity, themselves. They will not be permitted to enjoy the benefits of the transaction, and repudiate the obligation created. The money was advanced upon what the parties understood to be a valid

deed of trust, in favor of Chilton, and was used to pay a debt, confessedly a lien upon this land, and for which the trust estate was bound. This creates a clear equity in favor of the respondent, Estill, to be reimbursed the amount so used. *Valle's Heirs v. Fleming's Heirs*, 29 Mo. 152; *Shroyer v. Nickell*, 55 Mo. 264; *Jones v. Manly*, 58 Mo. 559; *Schafer v. Causey*, 76 Mo. 365; *Bagby v. Emmerson*, 79 Mo. 139; *Gilbert v. Gilbert et al.*, 39 Iowa, 657; *Levy v. Martin*, 48 Wis. 198; *McGee v. Wallis*, 34 American Rep. 484; *Everston v. Central Bank of Kansas* (Supreme Court of Kansas, 1885, not reported). (2) The will in this case was sufficient to confer the power to mortgage. Hill on Trustees, secs. 476 and 355; 1 Jones on Mortgages (2 Ed.) sec. 129; *Starr v. Moulton*, 12 C. L. J. 189; *Carter v. Bank*, 36 Amer. Rep. 338.

NORTON, J.—Hugh M. Price died in Pettis county in the year 1873, leaving a will by which he devised all of his estate real and personal to Peter Courtney in trust for the testator's children. Said Courtney was also by said will named as executor, and was also empowered to act as guardian and curator for the minor children of said Price. While the will invested the said Courtney with very large powers in reference to loaning and investing the money of the estate and selling and conveying the real estate of the testator, the power to encumber the estate by mortgage was not given. It appears that said Courtney, as executor, took charge of the estate and made his final settlement as such on the thirty-first of August, 1876, at which time he was by order of the court discharged as executor. It appears that Courtney, during his executorship, loaned two thousand dollars money of the estate to one S. B. Hoss, and to secure the same took a deed of trust on certain lands (the subject matter of controversy in this suit) and that Hoss, having made default, the land was sold and

purchased by said Courtney, to whom, as guardian and curator of the heirs of H. M. Price, deceased, the land was conveyed in September, 1876. In his final settlement Courtney took a credit for the $2,000 so loaned, stating that he had been compelled to buy the land taken as a security for the loan.

It appears that afterwards on the twenty-ninth day of January, 1878, said Courtney as "executor and trustee of H. M. Price, deceased," conveyed by deed of trust to F. Houston, trustee, for V. T. Chilton, the said land so bought of Hoss to secure the payment of a note described in said deed as follows :

"$900.00.          SEDALIA, Mo., January 29, 1878.

"Three years after date, I promise to pay to the order of V. T. Chilton nine hundred dollars, for value received, with interest from date, at the rate of ten per cent. per annum, payable annually at the end of each year, from this date to-wit : Ninety dollars each day, on the twentieth days of January, 1879, 1880, and 1881 ; and if the interest be not so paid annually, when due, as aforesaid, then it shall become as principal, and bear the same rate of interest, and this note both principal and interest shall then become wholly due and payable.

"(Signed)          PETER COURTNEY."

It also appears that default having been made in the payment of said note, Houston, the trustee, sold the land and conveyed it to defendant, Estill, who purchased it at said sale. The plaintiffs, who are the children and heirs of said H. M. Price, deceased, brought this suit setting up, substantially, the above state of facts, and further alleging that at the time said deed of trust was executed by said Courtney to Houston, he had no authority to borrow money for these plaintiffs and encumber their real estate ; that the money borrowed of Chilton by Courtney was a transaction of his own and on his own account and that he was at the time largely

indebted to the plaintiffs. The petition concludes with a prayer asking the court to set aside the sale made to Estill and declare the deed made to him by Houston void, as well as the deed of trust from Courtney to Houston, as trustee for Chilton.

The defendant, Courtney, filed no answer but made default. Defendant, Estill, in his answer set up substantially as a defence to plaintiff's action, that at the time defendant, Courtney, took a deed of trust on the land in controversy to secure the loan of two thousand dollars made by him to Hoss, that one Moore held a prior lien on said land for the payment of $3000, which said Hoss owed Moore; that in order to pay off said prior incumbrance and secure the land for the heirs of Price, said Courtney borrowed the said sum of nine hundred dollars of Chilton, and executed the said deed of trust to Houston to secure its payment; that $855.90 of the money so borrowed was paid to said Moore to relieve the land of said prior lien; that defendant purchased the said note long before its maturity for full value and without notice of any equities or defence against the same in favor of plaintiffs or the estate of said Price.

The court, in its decree, found that the deed of trust made by Courtney to Houston was void for want of power in Courtney to make it; but further decreed that the money borrowed by him was a charge on the land and directed it to be sold for its payment. From this judgment the plaintiffs appeal, and the only question presented for our determination is whether, under the facts in evidence, the land in question should be charged with the payment of the money borrowed by Courtney of Chilton. It appears from the settlements in evidence made by Courtney, as the guardian of plaintiffs, that, at the time he borrowed the money of Chilton, he had in his hands property and funds of plaintiffs more than sufficient to discharge the prior lien which

Moore had on the Hoss lands. It further appears that Chilton regarded the loan as made to Courtney individually, and not to the Price heirs, and he so testified, stating that the loan, however, was made through his agent, Houston. Defendant, Courtney, who could have testified fully as to whether he borrowed the money on his own account or for his wards, was not examined as a witness, but in the absence of his evidence, we think, it satisfactorily appears from the settlements made by him as guardian, that he regarded the loan as made to himself and on his own account to enable him to refund or pay what his settlements showed he owed his wards. In these settlements he did not charge himself with the money borrowed, but on the contrary took credit for all money paid to extinguish Moore's lien, as if paid out of the funds of his wards in his hands, and with which he at that time stood charged.

The only other party to the deed of trust was Mr. Houston, the trustee therein named, and who acted as the agent of Chilton in making the loan. He, after identifying the note and deed of trust, testified that the note was signed as it now is when returned to him by Courtney; that he gave Courtney two checks for the money, one of them payable to Courtney for $855.10 and endorsed by him to Moore; that he knew from Courtney's statement that he wanted the money to pay off Moore's prior lien on the land; that he examined the will and thought Courtney had ample power to borrow the money and make the deed of trust; that he wrote the deed before the note was signed; that he did not add executor, etc., to the name of Courtney in copying the note in the deed because he did not know whether Courtney would sign it that way. The evidence also shows that, though Courtney's powers and functions as executor had been terminated by virtue of an order of the county court made in 1876, discharging him on the approval of his final settlement, and although the Hoss

land had not been conveyed to him as trustee, but as guardian and curator of the children, that notwithstanding this, he executed the deed of trust as executor and trustee, etc. The evidence also shows that the check given for the money borrowed was made payable to Courtney individually, and tends to show, and we might add does satisfactorily show, that the money which the check represented was applied to the extinguishment of Moore's lien on the land.

From the above state of facts we think it clearly appears that the effect of the decree made by the trial court, subjecting the land to the payment of the money borrowed by Courtney, would be to make plaintiffs pay the money twice, inasmuch as they paid it when Courtney took credit in his settlements for all payments made on account of said Moore's prior lien. And in this respect this case is distinguishable from that class of cases to which we have been cited and on which counsel rely to support the decree; of which the case of *Valle's Heirs v. Fleming's Heirs*, 29 Mo. 152, is a representative. In that class of cases where the money of a *bona fide* purchaser at a sale made by an administrator to pay debts of the estate is actually applied to the payment of such debts, and the sale made turns out to be void, not for want of power, but because of a non-compliance with the preliminary steps necessary to be taken to bring the power into lawful exercise and give the sale validity, relief is afforded on the ground that it would be inequitable and unjust to allow the heirs to hold the land which had been thus discharged of an incumbrance without paying to such purchaser the money so applied. In this class of cases, those making the sales had the power to sell, provided the conditions upon which the exercise of the power depended had been complied with, and when a purchaser at such sale is mistaken as to the fact, the conditions on which the exercise depended

having been observed, and acts upon such mistake, he may be relieved. While it is well settled that a court of equity will afford relief under proper circumstances in case of mistake of fact, it is equally well settled that it will not relieve against a mistake of law.

In the case before us the mistake was one of law (unmixed with any mistake of fact) in supposing, after an examination of Price's will, that Courtney had power to borrow money and encumber the estate with a deed of trust to secure its payment; when in law the will conferred no such power, and there was an absolute want of power. We have been cited to the case of *Griffith v. Townley*, 69 Mo. 14, as an authority in support of the decree. In that case the doctrine is fully recognized that a court of equity will not relieve against a mistake of law unmixed with any mistake of fact, and relief was given in that case upon the distinct ground that there was a mistake of fact as well as of law which if not relieved against would operate as a fraud and enable the heirs to "become enriched by the very debt of their ancestor." Inasmuch as the plaintiffs had already paid out of their estate in Courtney's hands the money applied by him to the extinguishment of the Moore lien, to give effect to the decree in this case would be, not to enrich, but to impoverish the plaintiffs by making them pay it a second time. The case before us is more analogous to the case of *Wooldridge v. Scott*, 69 Mo. 669, where it is held that one who lends money to pay off a note given for the purchase money of land is not entitled to be subrogated to the lien of the vendor, although the money so borrowed is thus applied. In view of the fact that Courtney had no power to encumber the land of his wards by deed of trust to secure the loan made to him, and the further fact that the proceeds of the loan, were treated by him as his individual money, and the further fact that plaintiffs have paid by the allowance of credits to Courtney in his settlements

with the probate court all the money which went to the extinguishment of the Moore lien, we are of the opinion that the decree charging them again with its payment is erroneous and ought not to stand. Judgment reversed and cause remanded. All concur.

87 387
103 335

87 387
116 356

87 387
126 371

87 387
138 512
139 500

87 387
164 15
164 16