Norton v. Highleyman.

NORTON, *Appellant*, v. HIGHLEYMAN *et al.*

1. **Equitable Relief**: MISTAKE OF LAW. A mere mistake in a matter purely of law affords no ground for relief in a court of equity.

2. **Subrogation**: MORTGAGE: VOLUNTEER. Before a third party, making payment of a debt secured by mortgage, can be subrogated to the rights of the mortgagee, he must show either that he made the payment at the request of the mortgagor, or to protect some interest of his own, had at the time of the payment.

*Appeal from Pettis Circuit Court.*—HON. J. P. STROTHER, Judge.

AFFIRMED.

*E. J. Smith* for appellant.

(1) In many cases where money is paid under a mistake of law it may be recovered back. "Mistake of Legal Right," 17 Cent. Law J. 22, and authorities cited. One exception to the general rule that money so paid cannot be recovered, is where the party seeking relief was misled as to the law of the transaction, by the false statements of the other party. 18 Cent. Law J. 7 ; *Berry v. Whitney*, 40 Mich. 65 ; *Boles v. Hunt*, 77 Ind. 355 ; *Mason v. Peletier*, 82 N. C. 40 ; *Jenkins v. German*, 58 Ga. 125 ; *Hardigrave v. Mitchmer*, 51 Ala. 151 ; *Montgomery v. Shockley*, 37 Ia. 107 ; *Bayose v. Insurance Co.*, 4 Daly, 246 ; Pomeroy's Equity, sec. 847 ; *Griffith v. Townsley*, 69 Mo. 13 ; *Whelan's appeal*, 70 Pa. St. 410 ; 21 Cent. Law J., 4, and cases cited ; *McCormick v. Miller*, 102 Ill. 208 ; 1 Story's Eq., sec. 116. (2) The money of plaintiff went to pay off the mortgage on defendant's land. He was enticed into paying it by the fraud of Highleyman and the mutual error of plaintiff,

the judges of the county court and the sheriff, and he is entitled to be subrogated to the rights of the county, and to foreclose the mortgage. *Jones v. Mack*, 53 Mo. 147; *Duke v. Bronett*, 51 Mo. 221; *Wells v. Lincoln Co.*, 80 Mo. 224. (3) This action is not barred by limitation. It is action to foreclose mortgage, and as such is not barred. *Chouteau v. Burlander*, 20 Mo. 482; *Cape Girardeau Co. v. Harbison*, 58 Mo. 90. This is a real action, and as such the five years' statute of limitation (R. S., sec. 3230), does not apply. It only applies to personal actions. *Robb v. Woodward*, 50 Mo. 95, 103. (4) There is no misjoinder of parties.

*Geo. P. B. Jackson* for respondents, W. H., James R. and John I. Cook.

(1) In order to entitle a party to relief, independent of mistake of law, there must be other grounds of equitable relief, such as mistake of fact, which would justify the granting of relief; and the mistake must be mutual, or must arise from the fraudulent conduct of the other. *Matthews v. Kansas City*, 80 Mo. 231; *Summers v. Coleman*, 80 Mo. 488. Plaintiff's mistake was purely one of law. (2) Plaintiff is not entitled to be subrogated to the county's mortgage, upon his own showing. Subrogation is only a name for the relief to be granted in equity, and that particular relief, as well as any other, is precluded by the rule above referred to, that courts do not grant relief on account of mistakes of law. *Price v. Estill*, 87 Mo. 378; *Price v. Courtney*, 87 Mo. 387. The doctrine of subrogation is not adopted as a destruction of all former rules concerning volunteers. To entitle a party to such relief, as to a mortgage, he must have paid it at the instance of the mortgagor, or for his own protection. *Wolff v. Walter*, 56 Mo. 292. Plaintiff was a mere volunteer and not entitled to sub-

rogation. (3) The plaintiff's pretended cause of action is barred by limitation. Even the mortgage to which he asks to be subrogated was barred. *Bush v. White*, 85. Mo. 339.

NORTON, J.—In September, 1866, one Jesse Fowler. was the owner of certain land described in the petition, and mortgaged the same to Pettis county, to secure the payment of a debt for $135.55, with ten per cent. inter-. est. Highleyman, one of the defendants, subsequently, on the fifteenth of June, 1874, acquired title to the land. subject to said mortgage. On the nineteenth of May, 1874, default having been made by Fowler in the payment of the debt secured by the mortgage, the county court ordered the sheriff to sell the premises to pay the debt, in pursuance of which the sheriff advertised the land for sale on the fourteenth of September, 1874. Said land adjoined a farm owned by plaintiff, and wishing to. buy at said sale, he came to the place of sale on the day the land was advertised for sale and informed Highley- man and the sheriff that he was willing to pay at the sale all that the land was worth, and more than the debt, interest, and costs, for which it was to be sold, and that he was informed by them that the sale was postponed, and would not take place, on which plaintiff relied and went away. Notwithstanding this the land was sold to Highleyman, who bid $183.68, the amount of principal, interest and costs, but did not at the time pay his bid. Seven days afterwards, on the twenty-first of September, 1874, the county court being in session, plaintiff informed the judges of these facts, who ordered him to pay the sheriff the $183.68 so bid by Highleyman, together with the cost of making a deed, and plaintiff, believing that by so doing he would succeed to the right of Highley- man under said bid and get a deed, paid the money and the mortgage was entered satisfied. In December, 1877,

Highleyman conveyed said land to defendant, W. H. Cook, who conveyed part of the same to other defendants, and still owns part himself, all of whom bought with notice.

The petition in this case is based on the above state of facts and asks judgment for $183.68, with interest, and that the same be declared a lien on the land, and that plaintiff be substituted to the rights of Pettis county under said mortgage. The trial court sustained a demurrer to the petition, and rendered judgment for defendants, from which the plaintiff has appealed.

A mere mistake in a matter purely of law does not afford any ground for relief in a court of equity. *Price v. Estill et al.*, 87 Mo. 378. The mistake made by plaintiff, according to his own showing in the petition, was in supposing that in paying the amount of Highleyman's bid, even though made without his consent or knowledge, would entitle him to a deed and invest him with title to the land. In making this payment plaintiff was a mere volunteer, and the mistake he made, as to the legal effect of such payment, was one of law, unmixed with any mistake of fact.

Before a third party, making payment of a debt secured by mortgage, can be subrogated to the rights of the mortgagee, he must show either that he made the payment at the request of the mortgageor, or to protect some interest he had of his own at the time of the payment. *Wolff v. Walter*, 56 Mo. 293 ; *Evans v. Halleck*, 83 Mo. 376. The payment in this case was not influenced by either of these considerations, but has the appearance of having been made by plaintiff in order to give him an advantage over Highleyman.

The demurrer was properly sustained and the judgment is hereby affirmed. All concur.