Corrigan v. Tiernay.

---

CORRIGAN et al., Plaintiffs in Error, v. TIERNAY.

1. **Practice : PLEADING : WAIVER.** Where an answer in ejectment avers that the deed to the land in controversy was read to defendant and he was advised that it conveyed the title to himself and wife, whereas it conveyed the title to his wife only, and the plaintiff goes to trial, without demurring to it or moving to make it more specific and definite, the objection that it does not show who read the deed to defendant and advised him of its legal effect will be disregarded.

2.  **Equity**: PRACTICE : MISTAKE : CONTRACT. If an agreement is what the parties to it intend it should be, equity will not interfere because they did not understand its legal effect.

3.  ———— : ———— : ———— : ————. If an instrument, as it is reduced to writing, fails to express the contract which the parties actually entered into equity will reform it, and this it will do though such failure was the result of a mistake in law.

4.  ———— : MISTAKE IN DEED. Where a party purchased land under an agreement that the deed should be made to himself and wife as grantees, and the deed was by mistake made to his wife alone, a court of equity will make it express the real contract, notwithstanding he heard the deed read and supposed and was advised that it created an estate in himself and wife with survivorship.

*Error to St. Louis City Circuit Court.*

AFFIRMED.

*A. R. Taylor* for plaintiffs in error.

(1) The decree is broader than the pleadings and is not warranted by the pleadings. In such case an appellate court will either reverse or modify the decree. *Bank v. Poynts*, 60 Mo. 534; *Chouteau v. Allen*, 70 Mo. 290; *Ross v. Ross*, 81 Mo. 84; *White v. Rush*, 58 Mo. 105; *Cox v. Esteb*, 68 Mo. 113; *Baldwin v. Whaley*, 78 Mo. 187; *Newham v. Kenton*, 79 Mo. 383. (2) The full scope of the answer asking affirmative relief was in substance only: (*a*) That defendant purchased the land and built the house. (*b*) That he was desirous to have the title vested in his deceased wife Catherine and himself. (*c*) That when he heard the deed read its language conveyed the title to Catherine Tiernay, wife of Patrick Tiernay, and that he was advised, by whom he does not say, that such language would vest the title in Catherine Tiernay and Patrick Tiernay. He says that this deed was so made by some mistake or misapprehension of the grantor Smithwick or his agent. There is not a suggestion in the answer that

plaintiff's ancestor in any manner contributed to cause defendant's mistake of law or fact. Mere ignorance of law will not authorize the granting of relief in the absence of fraud, misrepresentation, imposition or undue influence. *Faust's Adm'r v. Birner*, 30 Mo. 419; *Dailey v. Jessup*, 72 Mo. 145; *Price v. Estill*, 87 Mo. 386; *City v. Priest*, 88 Mo. 614; *Norton v. Highleyman*, 88 Mo. 621.

*R. M. Nichols* for defendant in error.

(1) Under a general averment of mistake, a mistake of law or fact can be shown; therefore, this court cannot, without all the evidence, review the decree or the question as to whether the relief granted was grounded upon a mistake of law or of fact. *Johnson v. Long*, 72 Mo. 210; *Roberts v. Bartlett*, 26 Mo. App. 611. (2) The answer plainly avers a mistake of fact in reducing the contract to writing. The averments show a mutual mistake of fact, between the grantor of the lot and defendant, in not expressing the actual contract in the deed, in this, in not inserting the name of Patrick Tiernay as grantee in the deed, and that this mistake was material and not induced by the negligence of defendant, which would entitle the defendant to the equitable relief of correction or reformatian, either by direct decree reforming the deed, or by decreeing the title out of the trustees and into him. Pomeroy's Eq. Juris., secs. 839, 854; *Cassidy v. Metcalf*, 66 Mo. 533; *Gogherty v. Bennett*, 37 N. J. Eq. 87; *Courtright v. Courtright*, 63 Iowa, 357; *Fairhurst v. Lewis*, 23 Ark. 437; *Hayward v. Cain*, 110 Mass. 273; *Eglesfield v. Londonderry*, 4 Ch. D. 693. (3) If the mistake of the writer of the deed, in not inserting the name of Patrick Tiernay as grantee, is a mistake of law, then equity will relieve on the ground that the deed does not express the real contract between the parties. Pomeroy's Eq.

Juris., sec. 845; Story's Eq. Juris., sec. 115; *Leitens-dorfer v. Delphy*, 15 Mo. 160. (4) When there is an equitable defense to an action of ejectment, and a verdict that defendant is entitled to the property, the court can decree the title into the person to whom it belongs. R. S. 1879, sec. 3692; *Henderson v. Dickey*, 50 Mo. 161. *Ames v. Gilmore*, 59 Mo. 541; *Mason v. Black*, 87 Mo. 334; *Woodsworth v. Tanner*, 94 Mo. 127.

BLACK, J.—This was an action of ejectment for a lot having a front of about twenty-two feet by a depth of one hundred and thirty-seven feet in St. Louis. The defendant Patrick Tiernay answered by way of a general denial, and then set up an equitable defense, praying for affirmative relief. Issues of fact were submitted to a jury, and on the incoming of a verdict the court made a decree divesting the plaintiffs of the title and investing the same in defendant. The evidence is not preserved in the record before us, and the only question for our consideration is, whether the decree is warranted by the pleadings.

The answer of Patrick Tiernay sets up these facts : That his wife Catherine died in December, 1885; that the plaintiffs are her children by a former marriage; that, in June, 1879, he became desirous of acquiring a home for himself and wife by having the title vested in them as an estate of entirety; that, at the last-mentioned date, he purchased the property described in the petition, it then being a vacant lot, from one Smithwick, and paid therefor, out of his own funds, the sum of three hundred dollars; that he directed Smithwick to make the deed to himself and wife as joint grantees; that Smithwick, or his agent, through some mistake or misapprehension, caused to be executed to defendant a deed, describing the grantee therein as "Catherine Tiernay, wife of Patrick Tiernay;" that he was unable to read writing or to read the deed, and requested the

same to be read to him; that, upon hearing it read, he understood and was advised that the property was conveyed to his wife and to himself, and that the survivor would inherit the entire estate; that, thereupon, he caused the deed to be recorded, and with his own funds erected a house on the lot at a cost of thirty-eight hundred dollars; that he did not know that the property had been conveyed to his wife until after her death, and when this suit was brought; that he never agreed that the property should be conveyed to her alone, and never intended it as an advancement; and that his wife, during her life, made no claim to the property.

The plaintiffs went to trial on this answer without having demurred to it, and without having made any motion to require the defendant to make it more specific and definite; so that the objections that the answer does not show who read the deed to defendant, or who advised him that the property was thereby conveyed to himself and wife, must be disregarded. As the case is presented on this record, we must assume that every allegation was proved by the evidence offered on the trial.

The point pressed upon our attention is, that, according to the answer, Patrick Tiernay had full knowledge of all of the facts, and the mistake was simply a mistake of law in supposing the deed would convey the title to him and his wife jointly. It is a well-established general rule that a court of equity will not grant relief against a mistake of law unmixed with any mistake of fact. *Price v. Estill*, 87 Mo. 378; *Norton v. Highleyman*, 88 Mo. 621. There are, however, some exceptions to this general rule. Cases arise where there is a mixed mistake of law and of fact in which relief will be granted. Thus in the case of *Griffith v. Townley*, 69 Mo. 13, an administrator sold land of his intestate, supposing that it was the fee that he was selling, and the

purchaser supposed that it was the fee that he was buying. It transpired that nothing passed by the sale but the equity of redemption. It was held there was such a mutual mistake of fact and law as entitled the purchaser to relief. See also *Cassidy v. Metcalf*, 66 Mo. 519.

But it is not necessary to a disposition of the case in hand to follow out the many distinctions taken in the class of cases just mentioned. If an agreement is what the parties thereto intended it should be, equity does not interfere because the parties did not understand its legal effect. "The principle underlying the rule is," says Mr. Pomeroy, "that equity will not interfere for the purpose of carrying out an intention which the parties did not have when they entered into the transaction, but which they might or even would have had, if they had been more correctly informed as to the law." 2 Pom. Eq. Jur., sec. 843. A different case is presented where the instrument, as it is reduced to writing, fails to express the contract which the parties actually entered into. In such cases equity will reform the contract, and this, too, though the instrument fails to express the contract which the parties made by reason of a mistake of law. Says the author last-named: "In short, if a written instrument fails to express the intention which the parties had in making the contract which it purports to contain, equity will grant its relief, affirmative or defensive, although the failure may have resulted from a mistake as to the legal meaning and operation of the terms or language employed in the writing." 2 Pom. Eq. Jur., sec. 845.

Now the answer of Tiernay states that he was desirous of acquiring a home by having the title vested in himself and wife as an estate by the entirety. The legal effect of a conveyance to husband and wife is to create such an estate; and the survivor takes the whole. *Garner v. Jones*, 52 Mo. 68; *Modrell v. Riddle*, 82 Mo. 31.

The answer discloses the fact that Smithwick resided in the state of Kansas, but had an agent in St. Louis; and it then states that defendant " directed the said grantor Smithwick, through his agent in St. Louis, to make the deed of said property to Catherine Tiernay and defendant as joint-grantees; that, thereupon, through some mistake or misapprehension of said Smithwick or his agent, the said grantor executed and delivered a deed to the defendant to the said premises * * * describing the grantees as Catherine Tiernay, wife of Patrick Tiernay." Here is enough to show that the contract which the defendant made was that the deed should be made to himself and wife as grantees. This contract the deed does not express, and it is competent for a court of equity to make it express the real contract. It matters not that the defendant heard the deed read and supposed and was advised that it created an estate in himself and wife with survivorship. It does not create such an estate, and, therefore, is not the contract which defendant made.

The title should be in the defendant, Patrick Tiernay, and we see no objection to the decree investing the title in him. The judgment is affirmed. All concur.