Smith v. Patterson.

E. F. SMITH *et al.*, Respondents, v. M. F. PATTERSON, Appellant.

St. Louis Court of Appeals, February 14, 1893.

1. **Mistake: RELIEF IN EQUITY.** When a party to a transaction acts under a misapprehension concerning the legal effect of it, or concerning his own legal rights in the premises, and this is due to the inequitable conduct of the other contracting party, as where it is the result of erroneous statements made upon the subject by the latter, equity will grant him relief on the ground of mistake, even in the absence of any intention to mislead.

2. **Mistake as to Relative Priority of Liens: MISTAKE OF LAW AND FACT.** The statement, that the lien of a deed of trust on land is prior to that of a judgment, when it is not accompanied by the mention of the circumstances upon which the priority of the one lien over the other depends, is a statement of fact; and a mistake in regard to such priority is one of fact, when it is due to a misapprehension of these circumstances.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

REVERSED AND REMANDED *(with directions).*

*Henry C. Young*, for appellant.

To sustain their action plaintiffs must prove that the representation was known to be false by the defendant, that it was made with intent to deceive or defraud, that it was exclusively relied upon by plaintiffs, that they had a right to rely upon that representation, and that they acted upon it, and were injured in consequence thereof. *Jolliffe v. Collins*, 21 Mo. 338; *Bryan v. Hitchcock*, 43 Mo. 527; *Parker v. Marquis*, 64 Mo. 42; *Franklin v. Holle*, 7 Mo. App. 246; Bispham's Principles of Equity [2 Ed.] p. 216; *Brownlee v. Hewitt*, 1 Mo. App. 360; *Dunn v. White's Adm'r*, 63 Mo. 181.

The testimony shows that plaintiffs were not induced by defendant's statements to change their course of conduct in relation to the transcript judgment, and that they did not rely exclusively upon defendant's statements. Story on Equity Jurisprudence [7 Ed.] sec. 202; Bispham's Principles of Equity [2 Ed.] p. 270; *Glasscock v. Minor*, 11 Mo. 655, 657; *Smith v. Richards*, 13 Pet. 26; *Parker v. Marquis*, 64 Mo. 38; *Anderson v. McPike*, 86 Mo. 293; *Smith v. Dye*, 88 Mo. 581. Plaintiffs had in their possession an abstract which plainly informed them that their lien was subsequent and not prior to defendant's lien. *Glasscock v. Minor*, 11 Mo. 655; *Buford v. Caldwell*, 3 Mo. 477; *Dunn v. White*, 63 Mo. 181; Story on Equity Jurisprudence [7 Ed.] sec. 200; *Bryan v. Hitchcock*, 43 Mo. 531. A mere expression of opinion, especially when unaccompanied by any fraudulent design, does not constitute the basis for relief on the ground of fraud. *Glasscock v. Minor*, 11 Mo. 655; *Smith v. Richards*, 13 Pet. 26; *Warnell v. Keim*, 57 Mo. 478. The plaintiffs allege in their petition, as ground for equitable relief, the insolvency of T. C. Bryant, the maker of the note secured by their mortgage. This allegation stands unproven, and their action in equity must fail. Moreover their note is signed by Elizabeth Bryant, who even though she was a married woman at the time of its execution had full capacity to contract, sue and be sued at law as well as in equity; and it is neither alleged nor proved that she is insolvent. *Cabanne v. Lisa*, 1 Mo. 682; *Janney v. Spedden*, 38 Mo. 395; *Levering v. Schnell*, 78 Mo. 171; *Holland v. Johnson*, 80 Mo. 39.

*F. P. Morgan* and *W. D. Tatlow*, for respondents.

BIGGS, J.—On the fifth day of May, 1890, one Bryant and wife executed their promissory note for

$225, payable to the order of Susan E. Myrick, due thirty months after date, and bearing interest at the rate of ten per cent. per annum from its date. To secure this note Bryant and wife executed a deed of trust on lot 5 of the northwest quarter of section number 4, township 29, range 23, west, which is the north half of the quarter section, containing eighty acres, more or less. This deed of trust bears date April 5, 1890, but it was not acknowledged until May 16, 1890, upon which day it was also filed for record. There was independent evidence that it was executed on the day the acknowledgment was taken. Prior to the transactions hereinafter referred to, the plaintiffs became the owners of the note. On the tenth day of February, 1890, one Ferguson obtained a judgment against Bryant for $11 debt, and costs of suit. Execution was issued by the justice and delivered to the constable on the eleventh day of April, 1890, and made returnable in ninety days. On the fifteenth day of April, 1890, the defendant Patterson, as attorney for Ferguson, filed a transcript of the judgment in the office of the clerk of the circuit court of the county. Bryant held the land subject to a deed of trust given by one Calvin Johnson to secure a note payable to Charles P. Ollis for $500, dated May 1, 1886, and due five years after date with seven per cent. interest from date. The deed of trust was of the same date as the note. It will be observed that the deed of trust given by Bryant to secure the note held by plaintiffs was the third lien on the property. On the fifteenth day of April, 1891, an execution was issued by the clerk of the circuit court on the transcript judgment in favor of Ferguson, and the land described herein was levied on thereunder and sold to the defendant for $1. The sheriff's deed to defendant is dated May 25, 1891. On the twenty-third day of June, 1891, the land was again sold

under the Johnson deed of trust, and the defendant again became the purchaser for the sum of $800. The defendant, claiming to be the owner of the reversion by reason of his purchase of Bryant's interest under the Ferguson execution, paid to the trustee the amount of the Ollis debt only, which amounted to something over $500, and thereupon the trustee delivered to him a deed. These are the facts as they appear by the records.

The plaintiffs have brought this action in equity, charging that, by reason of the facts stated in their petition, the land in the defendant's hands ought to be charged with the payment of their note. Upon a trial there was a decree in favor of the plaintiffs. The following extract from it will show the character of the relief granted: "And all and singular the premises being seen, heard and fully understood, and the court, having heard the arguments of counsel both *pro* and *con*, doth find that the said plaintiffs had a good and valid lien at law on said premises, which has been totally lost to plaintiffs by reason of the inequitable conduct of the said defendant Patterson, and that the same has inured to his benefit, and that plaintiffs, in equity and good conscience, are entitled to a lien on said land for the sum of $222.50 against the said defendant Patterson." The decree then provides for a special execution against the defendant's interest in the land. Defendant has appealed.

There is but little if any conflict in the evidence concerning the material facts. The plaintiffs introduced defendant as a witness. He testified in a very straightforward manner. He said substantially that, when he had the Ferguson execution issued, he learned of the Myrick deed of trust, and that the plaintiffs claimed to be the holders of the note; that in his examination of the record of this deed of trust he

merely glanced at its date, which appeared to be April 5, 1890, and at the date of the filing for record, which was May 16, 1890, and that he did not notice that the acknowledgment was not taken until the day it was filed for record; that his examination led him to believe that the lien of the deed of trust was prior to that of the Ferguson judgment, as the transcript of the judgment was not filed until April 15, 1890; that he then talked with plaintiffs concerning their debt, and informed them that he was Ferguson's attorney, and that an execution had been issued on his judgment, and the land in controversy levied upon and advertised for sale; that he informed the plaintiffs that the lien of their deed of trust on the land was prior to that of the Ferguson judgment, and that a purchaser under the Ferguson execution would take the land subject to their deed of trust; that the plaintiffs had an abstract of the title; that they examined this abstract together, and that he again informed them that in his opinion their lien had the preference; that he informed the plaintiffs that he proposed to buy the land at the sale under his client's execution, if it did not sell for too much money. The defendant admitted that he purchased at the execution sale under the belief that his purchase was subject to the plaintiffs' deed of trust, and that he purchased at the sale under the Ollis deed of trust believing that the surplus, after paying the debt secured by the Ollis deed of trust, would be applied to the satisfaction of the plaintiffs' debt; but that, before he paid the money under the second purchase, he ascertained, upon a more careful examination of the record, that the lien of the Ferguson judgment was the second lien on the land, and that, as purchaser at the execution sale, he was entitled to the remainder of his bid after the Ollis debt was satisfied, and that for this reason he refused to pay the surplus

to the trustee, or to afterwards satisfy the plaintiffs' claim as he had supposed he was legally bound to do. But the defendant denied that at any time he agreed to pay the plaintiffs' debt, though he admitted that he had tried to buy it both before and after the sale under the execution.

E. F. Smith, the plaintiff with whom the defendant had the conversations, corroborated the defendant in respect to what was said concerning the priority of the various liens, and he further testified that, by reason of the assurances and representations of the defendant, their lien was prior to that of the Ferguson judgment, and that the purchaser at the execution sale would take subject to their deed of trust; the plaintiffs had not examined the records and did not attend the sale under the execution. This plaintiff further testified that he attended the sale under the Ollis deed of trust; that defendant at that time, and prior to the sale, again assured him that the lien of plaintiffs was next to that of the Ollis deed of trust, and that he held the land under his purchase subject to their claim; and that the defendant on that day agreed to pay plaintiffs $225 for their debt. Both this plaintiff and the defendant testified that the land was well worth the amount of all the liens against it. This is believed to be a sufficient statement of the facts.

It would be well to state here that we cannot agree to the form of the decree. By making the plaintiffs' claim a special lien on the land, it practically made the lien of the plaintiffs' deed of trust superior to that of the Ferguson judgment. We understand that it is not within the power of a court of equity to displace liens which have been fairly and legally obtained. If the defendant had agreed for a consideration to pay plaintiffs' demand, and if it had been shown that the defendant was insolvent then the circuit court, under

the peculiar facts, would have had the right to make the debt a charge on the land. But we have no such case here. The plaintiff, E. F. Smith, said that the defendant agreed to pay the debt, but he stated no consideration for the promise. Neither was there any attempt to show that defendant was insolvent, upon which fact alone could the jurisdiction of a court of equity in such a case have been upheld. But it does not follow that plaintiffs are not entitled to any relief. We think that the uncontradicted evidence shows a mutual mistake of law and fact, which ought, on the plainest principles of equity and fair dealing, to constitute the defendant a trustee for the plaintiffs in his purchases of the land. *Nelson v. Betts*, 21 Mo. App. 219; *Griffith v. Townley*, 69 Mo. 13.

The general rule is that a mistake of law, when all the facts are known and understood, is no ground for equitable relief. *City of St. Louis v. Priest*, 88 Mo. 612; *Norton v. Highleyman*, 88 Mo. 621; *Price v. Estill*, 87 Mo. 378. Mr. Pomeroy states the rule in this way: "When a party with knowledge of all the material facts, and without any other special circumstances giving rise to an equity in his behalf, enters into a transaction affecting his interests, rights and liabilities, under an ignorance or error with respect to the rules of law controlling the case, courts will not in general relieve him from the consequences of his mistake." 2 Pomeroy on Equity Jurisprudence, sec. 842.

It is also a general rule that, when parties act under a mutual error as to facts, and one party gets an advantage by reason of such a mistake, a court of equity will grant relief. *Koontz v. Bank*, 51 Mo. 275.

If the mistake in the case before us be treated as a mistake of law, there are special circumstances which bring it within another rule stated by Mr. Pomeroy. "Whatever be the effect of a mistake

(of law) pure and simple, there is no doubt that equitable relief, affirmative or defensive, will be granted when the ignorance or misapprehension of a party concerning the legal effect of a transaction in which he engages, or concerning his own legal rights which are to be affected, is induced, procured, aided or accompanied by inequitable conduct of the other parties. It is not necessary that such inequitable conduct should be intentionally misleading, much less that it should be actual fraud; it is enough that the misconception of the law was the result of, or even aided or accompanied by, incorrect or misleading statements or acts of the other party. When the mistake of law is pure and simple, the balance held by justice hangs even; but, when the error is accompanied by any inequitable conduct of the other party, it inclines in favor of the one who is mistaken." 2 Pomeroy on Equity Jurisprudence, sec. 847.

The defendant, who is a lawyer, represented to the plaintiffs that the lien of their deed of trust was prior in right to that of the transcript judgment belonging to his client. This opinion or representation was the result of a personal examination of the records, and an examination of the abstract which the plaintiffs held, which abstract, it may be here stated, failed to give the date of the filing of the transcript of the Ferguson judgment. Now, if this statement be treated as a misrepresentation of the law of the case merely, yet it must be conceded that the ignorance of the plaintiffs concerning their legal rights was produced by the conduct of the defendant, which under the circumstances was inequitable, whether he intended to mislead the plaintiffs or not. The plaintiffs knew him to be a lawyer, and he represented himself as acting for Ferguson, and his assurance to the plain-

tiffs was that they could not be prejudiced by failing to buy at the sale under the Ferguson execution.

But, in our opinion, the statement made by the defendant that the plaintiffs' lien was prior in right to that of the Ferguson judgment was a representation of fact as well as of law. This view is strongly supported by the opinion of the English court of chancery in the case of *Eaglesfield v. Marquis of Londonderry*, L. R. 4 Ch. Div. 693. Sir GEORGE JESSEL, who delivered the opinion, said: "A misrepresentation of law is this: When you state the facts, and state a conclusion of law, so as to distinguish between facts and law, the man who knows the facts is taken to know the law; but, when you state that as a fact which, no doubt, involves, as most facts do, a conclusion of law, that is still a statement of fact, and not a statement of law. Suppose a man is asked by a tradesman whether he can give credit to a lady, and the answer is, 'You may, she is a single lady of large fortune.' It turns out that the man who gave that answer knew that the lady had gone through the ceremony of marriage with a man who was believed to be a married man, and that she had been advised that that marriage ceremony was null and void, though it had not been declared so by any court, and it afterwards turned out that they were all mistaken, that the first marriage of the man was void, so that the lady was married. He does not tell the tradesman all these facts, but states that she is single. That is a statement of fact. If he had told him the whole story and all the facts, and said, 'Now, you see, the lady is single,' that would have been a misrepresentation of law. But the single fact he states that the lady is unmarried is a statement of fact, neither more nor less; and it is not the less a statement of fact that, in order to arrive at it, you must know more or less of the law." So in the present case, if the defendant had

stated to the plaintiffs that the transcript of his client's judgment was filed on the fifteenth day of April, 1890, which was prior to the plaintiff's deed of trust, as was shown by the abstract in their possession, thus putting plaintiffs in possession of all the material facts, then defendant's statements would have been misrepresentations of law only. This he did not do, which made what he said a misrepresentation of fact.

But, whether such statements be treated as misrepresentations of law or facts, the defendant, as we have shown, cannot hold on to the full benefit of the advantage he has gained by reason of his representations. It can make no difference that plaintiffs could have ascertained the true facts by making an examination of the records. All the evidence tends to show that they were induced to omit making the necessary examination by the statements and representations of the defendant. *Brown v. Fagan*, 71 Mo. 563.

The decree will be set aside, and the cause remanded, with directions to the circuit court to enter a decree divesting the defendant of the title to the land, and vesting it in the plaintiffs, provided the plaintiffs shall, during the next regular term of the circuit court, and after the defendant has failed to exercise the option hereinafter stated, refund to the defendant all moneys paid by him in the purchase of the land, or in the payment of taxes thereon, with six per cent. interest from the date of the payments, and also pay the Ferguson judgment. If, however, defendant shall, on or before the third day of the term, pay to the plaintiffs the full amount of their debt, then the court will merely enter a judgment of dismissal at his costs. Or, if plaintiffs fail to reimburse the defendant, then an order of dismissal should be entered at the costs of the plaintiffs. The costs of this appeal to be taxed against appellant and respondents, share and share alike. All the judges concur.