———O———

MARCUS A. WOLFF, Appellant, *vs.* LITTLETON H. WALTER, *et al.*, Respondents.

1. *Mortgage—Note secured by—Payment of—Subrogation—Remedy against estate of married woman, etc.*—Where a third person, at the instance of a mortgagor, or for his own protection, pays a note secured by the mortgage, he becomes entitled in equity to the benefit of the mortgage; and in such case, a court of equity will subrogate him to all the rights of the creditor. But where the owner of the property mortgaged is no party to the note, and is a stranger to the transaction by which the note was paid, and is a married woman not holding the land in her own separate right, the party so paying the note, can have no claim on the property.

2. *Supreme Court—What points examined by.*—The Supreme Court will only pass upon such points as were presented in the court below.

*Appeal from St. Louis Circuit Court.*

*W. B. Thompson and R. S. McDonald,* for Appellant.

*Glover & Shepley and Dryden & Dryden,* for Respondents.

ADAMS, Judge, delivered the opinion of the court.

This was an action in the nature of a bill in chancery, to have the acknowledgment of satisfaction of a deed of trust, which had been entered on the margin of the record of said deed, in the recorder's office of St. Louis county, vacated and annulled.

The petition alleges, that the deed of trust was executed by the defendants, Littleton H. Walter and Mary R. Walter, his wife, to the defendants, Purdy and Purdy, to secure the payment of a certain note, which was executed by the defendant Littleton H. Walter, to the defendant, Ann M. Eddy. The petition further charges that, at the maturity of the note, by a negotiation between the plaintiff and the defendant, Littleton H. Walter, who owed the note, the former purchased the note, and was to hold it for the accommodation of said Littleton H. Walter, for a few months; that, after such purchase and without his consent, Mrs. Ann M. Eddy, the former beneficiary, under the deed of trust, acknowledged satisfaction of the same on the margin of the record in the recorder's office of St. Louis county.

The several defendants answered separately. All of them except Littleton H. Walter, denied that the plaintiff had purchased the note ·in question, and alleged that the note had been paid off and discharged by the maker, Littleton H. Walter, at maturity, and that the defendant, Ann M. Eddy, by reason of such payment being legally bound to do so, did enter satisfaction of record of the deed of trust. The defendant, Littleton H. Walter, by not denying, admitted that the plaintiff had purchased the note, as stated in his petition.

When this suit was instituted, the defendants, Littleton H. and Mary R. Walter, were living separately and apart from each other, and she answered by her next friend. The property which was covered by the deed of trust was owned by the defendants, Littleton H. and Mary. R. Walter, as tenants in common, with a right of survivorship to the longest liver, in case there were no children of the marriage. It was not a tenancy by the entirety, but expressly declared by the deed to be a tenancy in common.

The only issue presented by the pleadings was, whether the note in dispute had been purchased by the plaintiff as alleged in his petition. The evidence was all directed to this point. The witnesses on both sides consisted of the parties to the suit and two bank officers in the bank of Benoist & Co., where the note had been deposited by the payee, Ann M. Eddy, for collection. The plaintiff and defendant, Littleton H. Walter, swore to the facts as stated in the petition. Ann M. Eddy, the owner of the note, swore that she did not sell or authorize the note to be sold to the plaintiff; that the bank officers only had authority to receive payment, and not to sell or transfer the note. The bank officers corroborated Ann M. Eddy, and testified that the note was paid at maturity; that on the day it matured, the plaintiff and defendant, Littleton H. Walter, came to the bank and wanted to pay the note, and the teller received the plaintiff's check for the amount in payment of the note, and erased Ann M. Eddy's name which had been indorsed upon the note, and handed the note and deed of trust to the plaintiff; that he had no authority to sell, and did not sell the note.

This was substantially the evidence in regard to the payment of the note. The court at special term, found the issue and gave judgment for the defendants, which was affirmed at General Term, and the plaintiff has appealed to this court.

1. The weight of evidence upon the issue as presented, seems to be in favor of the finding of the court below. There could be no legal transfer of the note, without the assent of the holder. The bank only had authority to receive payment, and not to sell or transfer the note. From the preponderance of the evidence, the transaction appears to have been a payment and not a sale or transfer of the note.

2. But the learned counsel for plaintiff raises the point here, that it is wholly immaterial whether the plaintiff bought the note or paid it; for if he paid it, a court of equity would subrogate him to all the rights of the creditor, and keep the deed of trust alive to reimburse him.

The doctrine is well established by the authorities relied on by the counsel for plaintiff, that when a third person, at the instance of a mortgagor, or for his own protection, pays the debt secured by the mortgage, he becomes entitled in equity to the benefit of the mortgage; and in such case a court of equity will subrogate him to all the rights of the creditor. (Hoy vs. Bramhal, 4 C. E. Green., [N. J.] 563; Pierson vs. Anderson, 4 Edwards, ch. 17; Robinson vs. Urquhart, 1 Beas., 515; Peltz vs. Clark, 5 Pet. U. S., 482; Carter vs. Taylor, 3 Head., 30.)

But the case under consideration, so far as Mrs. Mary R. Walter's rights are involved, does not fall within the rule laid down in those cases. She was not a party to the note; nor was she consulted at all in regard to its payment. Her property, it is true, was mortgaged to pay the note of her husband. So far as the record shows the transaction, she was an entire stranger to the alleged arrangement between her husband and the plaintiff, to keep the mortgage alive for his benefit. As she was not *sui juris*, she could not give her consent to an extension of time for payment of the debt, unless the property was held for her sole and separate use, and this does not appear from the record. Besides, this petition was not framed with a view to the subrogation of the plaintiff to the right of the creditor. The point is made here for the first time, and we cannot entertain it, as it is our province to pass on only such matters as the pleadings and evidence presented to the court below.

Upon the whole record, I think the judgment was for the right parties. Affirmed; all the judges concur.