Evans v. Halleck.

Evans, *Administrator, Appellant, v.* Halleck *et al.*

**Administrator**: SUBROGATION. An administrator who voluntarily pays a debt of the estate, secured by a deed of trust and not probated, under the mistaken belief that the personal assets of the estate were sufficient to reimburse him, will not be subrogated to the rights of the creditor in the trust deed.

*Appeal from Mercer Circuit Court.*—Hon. G. D. Burgess, Judge.

Affirmed.

*Hyde & Orton* for appellant.

(1) The plaintiff is entitled to be subrogated to the rights of the holder of the mortgage note. He paid the money as administrator under mistake of fact and is entitled to the relief asked. 1 Story Eq. Jur. (8th Ed.) sec. 90. (2) It was the duty of the administrator, if the assets were sufficient, to pay off the mortgage debt. *Creed v. Myer,* 64 Ill. 495. (3) In case of payment to a creditor of more than the share of such creditor, the administrator can recover it back in his administrative capacity. 4 Gray 519; 17 Mass. 317. (4) The payment by the administrator was not officious. It was not the act of a stranger for the purpose of making the defendants his debtors. *Williams v. Williams,* 2 Dev. Eq. (N. C.) 69; *Trumbo v. Torreng,* 3 T. B. Monroe 284; S. C. 16 Amer. Dec. 103.

*George Hall* for respondents.

The amended petition did not state a cause of action.

*Jones v. Bragg*, 33 Mo. 337; *Wolf v. Walters*, 56 Mo. 292; *Turner v. Faucett*, 6 Ired. (N. C.) 549; *Skinner v. Budd*, 14 N. J. Eq. 234; *Sweeney v. Mallory*, 62 Mo. 485; *Beckmann v. Meyers*, 75 Mo. 333. It is only in cases where the person that pays the debt of another stands in the relation of a surety, or is compelled to pay to protect his own interest; or in virtue of legal process; or at the debtor's instance that equity will subrogate him to the rights of the creditors. *Richmond v. Morrison*, 15 Ind. 134; *Wilson v. Brown*, 13 N. J. Eq. 277; *Godsden v. Brown*, Spears S. C. Chancery Rep. 37; *Oliver v. Bragg*, 15 La. Ann. 402; *Succession of Vergin*, 18 La. Ann. 42; *Sandfond v. McLon*, 3 Paige (N. Y.) 117; *Hough v. Insurance Co.*, 57 Ill. 319; *Young v. Morgan*, 7 Reporter 334; *Kelly v. Kelly*, 19 Cen. Law Journal, p. 38, § 35. But suppose plaintiff could be subjected to the rights of Thomas, the creditor, he must take security as he finds it at the time he made his application. *Logan v. Mitchell*, 67 Mo. 524.

NORTON, J.—This case is before us on plaintiff's appeal from the action of the circuit court in sustaining a demurrer to his petition and entering judgment thereon. The only question, therefore, presented is the sufficiency of the petition which, in substance, sets forth the following as the cause of action: That one Elisha W. Halleck died intestate in July, 1871, and at the time of his death was the owner in fee of certain lands described in the petition; that said Halleck in his lifetime being indebted to one Thomas for the purpose of securing said indebtedness in July, 1869, executed a deed of trust in which his wife joined conveying said land to a trustee and empowering him to sell the same in the event of the non-payment of the debt secured by the deed; that after the death of said Halleck one F. W. Trowbridge administered on his estate and continued to act as administrator until April, 1873, when he resigned after making settlement, whereupon plaintiff, Evans, was appointed administrator; that

on the 7th of February, 1874, the trustee in the deed of trust was about to sell the land under the power for the payment of a balance of about $400 due Thomas on the debt secured by the deed; that said debt or claim of Thomas had never been presented for allowance and classification; that plaintiff for the purpose of preventing a sale of the land paid off the debt in various payments amounting in all to $412; and that such payments were made by him on the supposition that the assets of the estate in his hands were sufficient to pay said claim and all others which had been allowed against the estate; that plaintiff was mistaken in this supposition and there still remained unpaid claims allowed in the fifth class amounting to $800 with ten per cent. interest from April, 1873, and $341 of class six and that the assets of the estate remaining in the plaintiff's hands applicable to said claims amounted to the sum of $334.92.

It appears from the petition that the land of decedent was his homestead and as such descended to his wife and children subject only to the payment of the debt to Thomas secured by the deed of trust. On the above state of facts, plaintiff, having made the wife and children of decedent parties, prayed to be subrogated to the rights of Thomas under the trust deed and for a decree ordering the sale of the land to pay the sum paid by plaintiff to Thomas. The circuit court held, and we think properly, that this could not be done. The facts stated in the petition show that plaintiff voluntarily paid the debt to Thomas with funds which under the law were alone applicable to the payment of debts against the estate which had been allowed and assigned to classes five and six. Such payment was a misappropriation of the fund and, it being voluntarily made, the fact of his being mistaken in the supposition that he had funds of the estate sufficient to justify him in doing so does not entitle him to the relief asked. He must be held to have made it at his own peril. *Dullard v. Hardy*, 47 Mo. 404; *Garesche v. Priest*, 78 Mo. 127; *Brown v. Fagan*, 71 Mo. 563.

Ordinarily it is only when a person pays the debt of' another at his instance, or is compelled to pay to protect his own, or stands in the relation of a surety that he will be subrogated to the rights of the creditor.   *Wilson v. Brown*, 13 N. J. Eq. 277.   If the effect of the payment and satisfaction of the deed of trust had been to bring the land within the jurisdiction of the probate court to· order the sale of it for the payment of debts allowed against the estate, the personal assets being insufficient, a. different question would be presented and the authorities cited by appellant's counsel would have some bearing. But such was not its effect for the land in no event could have been subjected to sale for the payment of the debts· which had been allowed and classified.   Judgment affirmed in which all concur.