JOHN T. SEARS *et al.*, Respondent, v. J. V. PATTERSON, Appellant.

Kansas City Court of Appeals, May 15, 1893.

Subrogation: PAYMENT OF PRIOR LIEN. Under the equitable principle of subrogation one who pays a mortgage under an agreement for an assignment or for a new mortgage, as in this case, for his own benefit, acquires a right to the security held by the owner; and so, where the mortgagor attempts to secure the payor of the prior lien by a new mortgage on the premises, which is ineffectual by reason of a mutual mistake of the parties, the payor will be subrogated to the rights of the original mortgagee, notwithstanding a subsequent mortgage taken with notice of the intention that the said payor had a prior lien to such subsequent mortgagor.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

AFFIRMED.

*Palmer & Parker*, for appellants.

(1) The deed of trust to Chamberlain, as trustee for Sears, was absolutely void. *Stevens v. Hampton*, 46 Mo. 404; *Bartlett v. O'Donoghue*, 72 Mo. 563; *Dail v. Moore*, 51 Mo. 589; *Hoskinson v. Adkins*, 77 Mo. 537; *Shaffer v. Kugler*, 107 Mo. 62; *Rush v. Brown*, 101 Mo. 586. (2) The deed of trust to Swinney, as trustee, took effect only from the time of its execution. There

can be no ratification of a void instrument. Tiedeman on Real Property, sec. 794; 1 Devlin on Deeds, sec. 17; 3 Washburn on Real Property [5 Ed.] 329; 14 American & English Encyclopedia of Law, 631; *Jackson v. Stevens*, 16 Johns. 110. (3) The plaintiff acquired no right by subrogation. *Banta v. Garmo*, 1 Sandf. Ch. 383; *Neidig v. Whiteford*, 29 Md. 178; *Woolen v. Hillen*, 9 Gill (Md.), 185; *Stearns v. Godfrey*, 16 Me. 158; *Wormer & Son v. Agr. Works*, 62 Iowa, 699; *Bunn v. Lindsley*, 95 Mo. 250; *Price v. Courtney*, 87 Mo. 387. (4) There is no estoppel against the defendants. 7 American & English Encyclopedia of Law, p. 12; 1 Herman on Estoppel & Res Judicata, 5; *Brooks v. Owen*, 19 S. W. Rep. (Mo.) 723; *Sewing Machine Co. v. Emerson*, 115 Mass. 554; *Farmers & Mechanics' Bank v. Burchard*, 49 N. W. Rep. (Neb.) 762; *Thompson v. Morgan*, 6 Minn. 292.

*McDougal & Sebree*, for respondents.

SMITH, P. J.—The undisputed facts of the case are that the defendant, Anna Musick, who is the wife of defendant, J. W. Musick, was the owner of lot 171, of Altamont, an addition to Kansas City, which was subject to a deed of trust executed by Caldwell, at a time when he was the owner of said lot, to Calvin, trustee, to secure the payment of a debt to Arnold for $689; that about the thirtieth of July, 1889, the Caldwell debt became due and the owner thereof was about to foreclose the deed of trust and sell said lot when the Musicks, in order to prevent such sale, requested plaintiff Sears to pay off the Caldwell debt, and promised him if he would do so that he should have a first lien on said lot for the amount so paid out; that plaintiff thereupon paid the Caldwell debt to the owner thereof, the principal and interest of which amounted to $800; that, on the same day the Musicks undertook to incum-

ber said lot with a deed of trust to Chamberlain as trustee to secure their note to plaintiff for $800, the amount he had advanced for them to pay off the Caldwell debt, but by mistake the said deed of trust was acknowledged before Chamberlain the trustee, who was a notary public; that afterwards on the eleventh day of September, 1890, the mistake in respect to said acknowledgment having been discovered, the Musicks executed another deed of trust on said lot to secure their indebtedness to plaintiff; that between the dates of the execution of the two deeds of trust for the benefit of plaintiff, the Musicks executed another deed of trust on said lot to secure an antecedent indebtedness of theirs to the Pattersons; that it appears to have been expressly understood and agreed between the Musicks and Pattersons at the time of the execution of the deed of trust that the lien thereof should be junior to that of the plaintiff.

Upon these facts the trial court decreed a foreclosure of the interest and lien of defendant in the lot and that the indebtedness of the plaintiff be declared a first lien charge thereon, etc. The defendants who have appealed seek a reversal on the ground that the finding and judgment is contrary to law.

If it be conceded that the plaintiff's first deed of trust was void on account of the acknowledgment, and that his second only took effect from the time of its execution, still may not the decree of the court be sustained upon the equitable principle of subrogation? We are of the opinion that it can. The doctrine of subrogation rests on the basis of mere equity and is resorted to for the purpose of doing justice between the parties. We cannot well conceive of a case where the application of this doctrine could be more appropriately invoked than in this. When plaintiff took up the Caldwell debt and secured a release of the lien therefor on the lot at the request of the Musicks and

upon their assurance that they would execute to him a deed of trust giving him a like lien on the lot to secure the same debt, they were the owners of the equity of redemption and therefore interested in the lot. They occupied practically the position of the original mortgagors as to the lot and the lien debt. Upon this state of facts under the authorities the plaintiff became entitled in equity to the benefit of the mortgage. In such case a court of equity will subrogate him to the rights of the creditor whose debt he has paid. *Moore v. Lindsey*, 52 Mo. App. 474; *Wolf v. Walter*, 56 Mo. 292; *Williams v. Perkins*, 83 Mo. 376; *Norton v. Highleyman*, 88 Mo. 621; Sheldon on Subrogation, sec. 8; *Wilson v. Brown*, 13 N. J. Eq. 277; *Richmond v. Morrison*, 15 Ind. 134; *Hugh v. Ins. Co.*, 57 Ill. 319; *Sanford v. McLow*, 3 Paige, 117; *Hoy v. Barnhal*, 4 C. E. Green (N. J.), 565; *Pilson v. Anderson*, 4 Edwards Ch. 17; *Carter v. Taylor*, 3 Head. 30; *Pelz v. Clark*, 5 Pet. (U. S.) 482.

So under the equitable principle of subrogation one who pays a mortgage under an agreement for an assignment or for a new mortgage, as here, for his own benefit acquires a right to the security held by the owner. Jones on Mortgages, sec. 874; Leading Cases in Equity, 154; *Home Ins. Co. v. Marshall*, 32 N. J. Eq. 103; *Denton v. Col.*, 30 N. J. Eq. 244; *Saylin v. Knox*, 41 Mich. 40; *Levy v. Martin*, 48 Wis. 198; *Barnes v. Mott*, 64 N. Y. 397.

The defendant contends that the facts of this case are analogous to those in *Bunn v. Lindsey*, 95 Mo. 250, where the claim to the right of subrogation was denied. The report of the case shows that there one Lindsey, in September, 1873, executed a mortgage to a building company to secure a debt. In December, 1874, a judgment was recovered against Lindsey which became a junior lien on his land. In January, 1875, under a

previous arrangement made between Lindsey and Bunn, the latter paid off the building company's debt and took from Lindsey a deed of trust to secure his debt. In December, 1877, an execution was issued on the judgment and the land sold thereunder. Bunn then brought suit whereby he sought to be subrogated to the rights of the building company in its deed of trust.

That case is easily distinguished from this. There the mortgage debt was not paid off until *after* the rendition of the judgment. Here the mortgage debt was paid off by plaintiff *before* the defendants' deed of trust lien attached. In that case there was not, and could not have been, an effective agreement by which Bunn was to have a lien equal in priority to that which the building company held, because there was then in the way a valid junior judgment lien attaching to the land. Here there was no lien on the land other than that which plaintiff procured to be released under his agreement with the Musicks.

*Dunn v. Railroad*, 45 Mo. App. 29, is not like the case at bar, for there the railway company being the debtor of an employe voluntarily paid a debt of the latter without the semblance of a request to do so, and in such case of course the railway company was not entitled to be subrogated to the rights of the employe whose debt it had voluntarily paid. Nor is this case similar to that of *Kleinmann v. Geiselmann*, 45 Mo. App. 497, for there the debt was not discharged at the request of the party who owed it, or who owned the security subject to the lien.

The Musicks intended and undertook to give the plaintiff a first mortgage lien on the lot to secure the amount which he had advanced for them at their request to discharge the Caldwell mortgage debt; by mistake of the notary who took the acknowledgment

of that instrument it did not in law become operative. The mistake was mutual and unmixed with negligence.

To execute the intention of all the parties, as is the effect of the decree, and thus afford plaintiff a prior lien, seems to us to be highly equitable. This would not be unjust to the defendants because they would be left in identically the situation the Musicks intended to place them and which they understood themselves to be in at the time they accepted their lien. They simply sought to secure an existing debt by taking a lien, junior to that of the plaintiff. Surely a court of equity would not permit them to profit by the mistake of the other parties. The defendants have not been misled or induced by the act of the parties to part with anything. They present no equities superior to those of the plaintiff.

We think the decree is for the right party and should be affirmed. All concur.