JOHN W. BAKER AND STELLA BAKER, HIS WIFE, AND THE FEDERAL
    LAND BANK OF ST. LOUIS, A CORPORATION, RESPONDENTS, v.
    FARMERS' BANK OF CONWAY, APPELLANT.*

In the Springfield Court of Appeals. Opinion filed January 8, 1926.

**1.—Venue—Suit to Determine Priority of Liens.** Suit to determine priority
of liens, not affecting the title to the lands mentioned in the pleadings, does
not come under sections 1177 and 1179, Revised Statutes 1919, requiring
suits affecting title to be brought in county where realty is located, and
hence suit was properly commenced in county where lienholder resided.

**2.—Subrogation—Deeds of Trust—Decree of Subrogation Held Proper
Under Circumstances.** In suit to determine priority of liens, where plain-
tiff furnished money to pay off prior notes secured by deed of trust on the
land at request of original debtors, and took an unconditional deed of
trust as security, a decree subrogating plaintiff to all the rights of the orig-
inal holders of notes and deeds of trust held proper.

**3.—Same—Same—One Paying Off Holders of Deeds of Trust at Request
of Debtor Not a Volunteer.** A party furnishing money to pay off notes
secured by deeds of trust, at the instance and request of debtors, is not a
volunteer, and hence is entitled to be subrogated to rights of original hold-
ers of deeds of trust.

---

*Corpus Juris-Cyc. References: Subrogation, 37Cyc, p. 473, n. 95; p. 474,
n. 96, 97, 98, 99. Venue, 40Cyc, p. 67, n. 70.

Appeal from the Circuit Court of Phelps County.—Hon. W. E.
Barton, Judge.

AFFIRMED.

*John S. Haymes,* of Buffalo, and *Phil M. Donnelly,* of Lebanon,
for appellant.

(1) Before plaintiffs can recover a decree for the cancelation of
the deed of trust, they must establish the contract beyond a reasonable
doubt. Stevenson v. Adams, 50 Mo. 475. (2) But even if such a
contract was made, it was an oral one, and is within the Statute of
Frauds. Sections 2168 and 2169. It seems quite clear that both
Baker and the defendant had some interest in the land in question.
Defendant was the beneficiary in a deed of trust given by Baker,
the owner of the land. Whatever it may be, the mortgagees, and the
beneficiary in a deed of trust, have interests in the land covered.
Pease v. Iron Co., 49 Mo. 124; Jones v. Mack, 50 Mo. 151; 2 Beach
on Trusts and Trustees, sec. 408. This rule as to the rights
of the beneficiaries in a deed of trust applies to a case like this.
Johnson v. Houston, 47 Mo. 227. By the contract alleged, Baker

agreed to convey an interest in land by the mortgage he was to give, and the defendant agreed to surrender its interest in the land, including the right of possession. Hacket v. Watts, 138 Mo. 511. An agreement to give possession of land is within the statute of frauds. Boyd v. Paul, 125 Mo. 29; Longacre v. Longacre, 132 Mo. App. 192; Brown on Statute of Frauds (5 Ed.), sec. 31, citing 35 Mo. 218 and 16 Mass. 39; Davis Bros. v. Callahan, 66 Mo. App. 176. Land can neither be bought or sold without a writing. Culligan v. Wingerter, 57 Mo. 241; Windever v. Baker, 121 Mo. 297. The purchase of land is as much within the statute as the sale. Lucket v. Williamson, 37 Mo. 388; Schlanlanker v. Smith, 27 Mo. App. 516; Home Insurance Co. v. Bloomfield, 141 Mo. App. 417. Part Performance. There was no part performance taking this case out of the Statute of Frauds. Whatever was done by plaintiffs Bakers was only preparatory to the performance of the alleged contract with defendant. Williams v. Morris, 95 U. S. 457; Kimming v. Oldham, 27 W. Va. 265; Lydick v. Holland, 83 Mo. 703; Sursa v. Cash, 171 Mo. App. 396; Bernhardt v. Walls, 29 Mo. App. 206. (3) This action is one for the specific performance of a contract, and is governed by the rules applicable to such actions. Wendover v. Baker, 121 Mo. 273-89. In such cases the contract must be definite and certain, and the evidence to support it clear. Wendover v. Baker, 121 Mo. 290; Taylor v. Von Schraeder, 107 Mo. 225; 3 Reed on Statute of Frauds, sec. 1019; Gibbs v. Whitewell, 164 Mo. 391. The Contract Must be Fair and Just. "A contract must be fair, equal and just in its parts." Pomeroy, Specific Performance, p. 243. "Speaking of contracts which the law will enforce . . . every agreement of this kind ought to be certain, fair and just in all its parts. If any of these ingredients are wanting in the case, this court will not decree a specific performance." Fry's Specific Performance (5 Ed.) sec. 334, quoting from Lord Hardwick. (4) The contract must, of course, be supported by a consideration, and that is wanting here. The defendant under the alleged contract was, at most, to get only its own—the debt just due it. Tucker v. Bartle, 85 Mo. 114; Taylor v. Von Schraeder, 107 Mo. 206. (5) If the contract should stand, it means the weakening of the bank by the loss of the debt, and the injury of third parties having interests with it, and is against public policy for such reasons. Subrogation. There is no right of subrogation in this case. Bunn v. Lindsey, 95 Mo. 250; Price v. Courtney, 87 Mo. 395; Kleimann v. Gieselmann, 114 Mo. 443; Stevenson v. Haynes, 220 Mo. 212. A mere volunteer or intermeddler, who, having no interest to protect and without any legal or moral obligation, pays the debt of another is not entitled to subrogation without an agreement to that effect or an assignment of the debt, the payment in his case absolutely extinguishing the debt. 37 Cyc. 375-376. (We contend

that there was no agreement or assignment of the debt in the case at bar.)   There is no proof that the Federal Land Bank paid these mortgages in order to keep the lien alive or that an assignment of the debt was made to them or was ever contemplated by the parties at the time of such payment.   Under this state of facts the debt due to the Fidelity Savings Trust Company was absolutely extinguished by its payment.   Johnson v. Goldsby, 32 Mo. App. 560.

*C. S. Hale,* of St. Louis, *T. H. Douglas,* and *Herman Pufahl,* both of Bolivar, for respondents.

(1)   We have no fault to find with the abstract propositions of law as stated by appellant in Points 1, 2, 3 and 4 of its brief; but we insist that the law as there stated does not apply to the case at bar. The trial court did not cancel defendant's deed of trust, neither did it decree specific performance of the alleged contract between Baker and the defendant bank, but all that the trial court did was to determine the priority of the liens and to decree that the defendant's deed of trust was subject to the indebtedness against Baker's land at the time that the plaintiff Federal Land Bank made its loan; and while in effect the decree subrogates the Federal Land Bank to the rights of the Fidelity Savings Trust Company and the Miller Loan Company, yet the decree held that neither one of these notes, mortgages or deeds of trust were paid off and held that the assignment appearing on the notes together with the delivery of them and the mortgages to the Federal Land Bank transferred those notes and deeds of trust to the Federal Land Bank and held that they were existing and outstanding obligations and liens.   (2)   The suit was properly brought in Laclede county, where the defendant resided. It is not a suit affecting the title to real estate, but is merely to determine the priority of liens and for subrogation.   The validity of the deed of trust was not in question.   Hannibal & St. Joseph Railroad v. Mahoney, 42 Mo. 467; State ex rel. v. Dearing, 180 Mo. 53; Crommer v. Dickman, 180 Mo. 148; Newite v. Price, 204 Mo. 31; State ex rel. v. Guinn, 243 Mo. 667; Hydraulic Pressed Brick Co. v. Lane et al., 205 S. W. 801; Speer v. Home Bank et al., 206 S. W. 405; State v. Hull, 220 S. W. 851; State ex rel. v. Huck, 240 S. W. 236.   The Supreme Court refuses to accept jurisdiction in an action to determine priority of liens on personal and real property.   Speer v. Home Bank et al., 199 S. W. 139; Corbett v. Brown, 263 S. W. 233. (3)   The Federal Land Bank of St. Louis having furnished the money, through its branch, the Conway National Farm Loan Association, to take up the loan of the Fidelity Savings Trust Company and the Miller Loan Company, and the Conway National Farm Loan Association for the Federal Land Bank having received the notes and deeds

of trust from the Fidelity Savings Trust Company assigned in blank and having received the notes and deed of trust of the Miller Loan Company assigned to John W. Baker (who was Secretary-Treasurer of the Conway National Farm Loan Association), thereby became the owner of those notes and deeds of trust, and neither the Fidelity Savings Trust Company nor the Miller Loan Company having marked the notes paid, but having assigned them, they remain valid outstanding obligations and were the property of the Federal Land Bank, and it thereby became subrogated to the right, priorities and liens of the Fidelity Savings Trust Company and the Miller Loan Company. 37 Cyc. pages 473-474; Wilkins v. Gibson, 113 Ga. 31, 38 S. E. 374, 84 Am. St. Rep. 204; Moore v. Lindsey, 52 Mo. App. 474; Sears v. Patterson, 54 Mo. App. 278; Holland Banking Co. v. See, 146 Mo. App. 269; Davenport v. Timmons, 157 Mo. App. 360; Wolf v. Walter, 56 Mo. 292; Allen v. Dermott, 80 Mo. 56; Orrick v. Durham, 79 Mo. 174; Reyburn v. Mitchell, 106 Mo. 380; Long v. Long, 111 Mo. 12. The Federal Land Bank having furnished the money for the new loan upon the representation of Baker that the Farmers Bank of Conway would take a deed of trust subject to its deed of trust, and that its deed of trust should be a first lien, it was subrogated to the rights of the Fidelity Savings Trust Company and the Miller Loan Company upon the refusal of the Farmers Bank of Conway to take the second deed of trust. At no time was it ever stated, suggested or understood that the Farmers Bank of Conway should have a first mortgage or deed of trust on Baker's land. State Savings Trust Co. v. Spencer, 201 S. W. 967; Holland Banking Co. v. Spencer, 201 S. W. 971. Under the decree as rendered by the trial court the defendant, Farmers Bank of Conway, is in no worse position than it was before the loan of the Federal Land Bank was closed. It still has a second mortgage subject only to the Fidelity State Savings Trust Company's one for $7,000 and one for $350, the other for $175, which were against the land when it took its deed of trust to secure its note of $3,850 dated June 1, 1921, and which deed of trust was acknowledged June 6, 1921, and was recorded on June 10, 1921. Whereas, if the contention of appellant were to be upheld it would have a first lien on the 209 acres, a situation which was never contemplated. State Savings Trust Co. v. Spencer, 201 S. W. 969. (4) The Federal Land Bank was not a mere volunteer. It paid the money to the Fidelity Savings Trust Company and the Miller Loan Company at the request and instance of Baker, the original maker of the notes and deed of trust and with the definite understanding with the mortgagor that it was to have a first lien on the land, and Baker's application for the loan so shows. State Savings Trust Co. v. Spencer, 201 S. W. 970.

BRADLEY, J.—This cause in equity, in the nature of subrogation, was filed in Laclede county, but the venue was changed to Phelps

county where trial was had, resulting in a decree for plaintiffs. Unsuccessful in motion for a new trial defendant appealed.

Plaintiffs Baker and wife on September 27, 1920, secured a loan of $7000 from the Fidelity Savings Trust Company of Kansas City, hereinafter referred to as the Kansas City loan, for which they gave their note secured by a deed of trust on 209 acres of land in Dallas county, Missouri. On the same day the Bakers gave a second note in connection with the loan for $350 to the said trust company, and this note was secured by a second deed of trust on the same land. Also on the same day the Bakers gave their note for $175 to the Miller Loan Company, who procured the Kansas City loan for them, and this last-mentioned note was secured by a third deed of trust on the same land.

May 23, 1921, the Bakers made application to the plaintiff Federal Land Bank of St. Louis for a loan of $10,000, said application being made through the Conway National Farm Loan Association of Conway, of which local association plaintiff John W. Baker was secretary-treasurer. The lands offered to secure the loan applied for included the lands described in the three deeds of trust above mentioned and other lands. June 1, 1921, the Bakers gave their note to the defendant bank for $3850 and secured the same by a fourth deed of trust on the same land as described in the three deeds of trust given in connection with the Kansas City loan above mentioned. The deed of trust given to defendant bank to secure the $3850 note was given subject to the three deeds of trust given in connection with the Kansas City loan. October 21, 1921, the Baker application to the Federal Land Bank for a loan of $10,000 was approved for $9,000. The Bakers accepted the loan of $9,000 and on March 1, 1922, they gave to the plaintiff Federal Land Bank their note for $9,000 secured by a deed of trust on 329 acres of land as offered in the application, which land included the 209 acres upon which the four prior trust deeds had been given. The deed of trust to the land bank was, on its face, unconditional, and no mention of other deeds of trust was made therein. With the proceeds of the loan from plaintiff Federal Land Bank the amount of the three notes given in connection with the Kansas City loan was paid to the respective holders of these notes and the two notes given to the Fidelity Savings Trust Company were assigned in blank and without recourse on the assignor and sent by mail to plaintiff John W. Baker. The $175 note given to the Miller Loan Company was assigned without recourse to plaintiff John W. Baker. We will state other facts as may be necessary in the course of the opinion.

We might here dispose of a question of jurisdiction that was raised below and presented here. Defendant contends that the trial court had no jurisdiction of the subject-matter of this cause. As stated

the cause was commenced in Laclede county. All of the lands mentioned or in anywise involved are in Dallas county. The Farmers Bank of Conway, defendant, is located in Conway in Laclede county where the suit was commenced. The result of the judgment in this cause does not and cannot affect the title to the lands mentioned in the pleadings and in the different instruments in evidence. The cause primarily is to determine the priority of liens. Suits for the possession of real estate, or whereby the title thereto may be affected or for the enforcement of the lien of any special tax bill must be brought in the county where such real estate or some part thereof is situated. [Sec. 1179, R. S. 1919.] But the cause at bar falls under neither of these provisions, and was properly commenced in the county where the defendant resides. [Sec. 1177, R. S. 1919; Castleman v. Castleman, 184 Mo. 432, 83 S. W. 557; Corbett v. Brown, 263 S. W. (Mo. Sup.) 233.]

The contentions of plaintiffs are (1) that the land bank at the behest or request of the Bakers took up the three notes given in connection with the Kansas City loan, with the understanding and agreement that it would be given a first lien to secure it; (2) that the defendant bank agreed to release its trust deed and take back a second trust deed on the 329 acres; (3) that plaintiff land bank is entitled to be subrogated or have the three notes and deeds of trust given in connection with the Kansas City loan declared to be valid and subsisting obligations and liens; and (4) that said liens should be declared to be superior to defendant's lien or trust deed.

The contentions of the defendant are (1) that it did not agree to surrender its deed of trust on the 209 acres and take back a deed of trust on the 329 acres subject to the land bank's lien of $9,000; (2) that the notes and deeds of trust given in connection with the Kansas City loan were paid off, extinguished and discharged; and (3) that its deed of trust securing its note for $3850 is now a first lien upon the 209 acres.

The learned chancellor below made a finding of facts in connection with the decree rendered, and the finding, among other things not necessary to mention, is as follows:

"The court further finds that the plaintiff John W. Baker was the secretary-treasurer of the Conway National Farm Loan Association, which in making farm loans acts as an agent of the Federal Land Bank and is operated in connection therewith, and that the plaintiff Federal Land Bank after deducting certain expenses incurred in the making of said loan and also the sum of $450 stock subscription required of borrowers who make loans through it, sent and remitted to the said John W. Baker as such secretary-treasurer of the Conway National Farm Loan Association, the sum remaining due on said loan, to-wit: the sum of $8463.75, which said sum was to be used in

taking up the loans heretofore mentioned to the Fidelity Savings Trust Company at Kansas City, and the Miller Loan Company.

"The courts find that the said John W. Baker as such secretary-treasurer, remitted and sent to the Fidelity Savings Trust Company the sum of $7,880.58, to take up their said loans heretofore mentioned, and that the said Fidelity Savings Trust Company thereupon indorsed said loans and notes in blank and sent them together with the deeds of trust securing them to the said John W. Baker as such secretary-treasurer of said Conway National Farm Loan Association and that the said John W. Baker as such secretary-treasurer forwarded and sent said notes and deeds of trust to the Federal Land Bank of St. Louis; and the court finds that the said Federal Land Bank now is the owner and holder of the same.

"The court further finds that the said John W. Baker as such secretary-treasurer of the Conway National Farm Loan Association took up and paid to the Miller Loan Company of Springfield, Missouri, the sum of $175, to take up its note and obligation for said amount and that the said Miller Loan Company thereupon assigned said note of $175, and delivered the same to the said John W. Baker who thereupon sent said note and obligation and the deed of trust securing said note to the plaintiff Federal Land Bank of St. Louis, the court finds that the said plaintiff, Federal Land Bank of St. Louis, is now the owner and holder of said note or obligation.

"The court further finds that the said $7,000 note and the said $350 note and the $175 note so executed by the plaintiffs John W. Baker and Stella Baker, his wife, were not paid off and satisfied and are each valid, subsisting and outstanding obligations of the plaintiff John W. Baker and Stella Baker, his wife, and the court further finds that the deeds of trust executed to secure the payments of said obligations were not released of record or satisfied and that they are each valid, subsisting and outstanding liens on the lands described in said deeds of trust.

"The court further finds that the Federal Land Bank of St. Louis is now the owner of said notes and obligation and said deeds of trust, and that the said $7,000 deed of trust is a first lien on the premises described in said deed of trust and hertofore described; that the deed of trust executed and given to secure the payment of the $350 note executed by the plaintiff John W. Baker, and Stella Baker, his wife, is a second lien on the premises therein described and heretofore described; that the deed of trust given to secure the payment of the $175 note to the Miller Loan Company is a third lien or deed of trust on the premises described in said deed of trust and heretofore described, and that the deed of trust executed by the plaintiffs John W. Baker and Stella Baker to secure the payment of the note of $3,850 given to the defendant is a fourth lien on the premises described in said deed

of trust and heretofore described, and is subject to the three deeds of trust heretofore mentioned."

The decree proper is as follows:

"It is therefore ordered, adjudged and decreed by the court that the note or bond in the sum of $7,000, executed by the plaintiffs John W. Baker and Stella Baker, his wife, to the Fidelity Savings Trust Company of Kansas City, and the note of $350 executed by said plaintiffs to the said Fidelity Savings Trust Company of Kansas City, Missouri, and the note of $175 executed by said plaintiffs to the Miller Loan Company, are each and every one of them outstanding and valid obligation and that the deeds of trust given to secure said notes are valid and outstanding liens against the premises described therein, and that the deed of trust recorded in book 104 at page 108, of the records of the recorder's office of Dallas county, Missouri, is a first lien on the premises described therein, to-wit, the 209 acres of land hereinbefore described.

"That the deed of trust recorded in book 104 at page 314 of the records in the recorder's office of Dallas county, Missouri, is a second lien on the premises described therein and hereinbefore described, and is subject to the lien of $7,000 heretofore mentioned; that the deed of trust recorded in book 110 at page 449 of the records in the recorder's office of Dallas county, Missouri, given to secure the payment of the $175 to the Miller Loan Company, is a third deed of trust on the premises therein described and heretofore mentioned; that the deed of trust recorded in book 106 at page 98 of the records in the recorder's office of Dallas county, Missouri, and given to secure the note of $3,850, payable to the defendant, is a fourth deed of trust on the premises therein described and hereinbefore described and is subject to the three deeds of trust heretofore mentioned which are recorded in book 104 at page 108 and book 104 at page 314, and book 110 at page 449 of the records in the recorder's office of Dallas county, Missouri, and it is further ordered, adjudged and decreed by the court that said plaintiff Federal Land Bank of St. Louis is the holder and owner of the notes secured by said deeds of trust and also is the owner of said deeds of trust."

It is not necessary to further set out the facts. There was ample evidence upon which to base the finding made by the court. In their brief learned counsel for defendant state their contentions thus:

"The evidence in this case shows that the money of the Federal Land Bank was used to pay the mortgage of the Fidelity Savings Trust Company on Baker's land, and the evidence further shows that there was no agreement that the security which the Fidelity Savings Trust Company had should be kept alive or in force, and there was no evidence that the Fidelity Savings Trust Company assigned their note and mortgage to the Federal Land Bank, and that being true,

the debt of the Fidelity Savings Trust Company was extinguished and possesses no further vitality, and the Federal Land Bank is not entitled to subrogation. The judgment of the circuit court in the case at bar is wrong in holding that the three deeds of trust, the two to the Fidelity Savings Trust Company and the one to the Miller Loan Company, are existing obligations. And the judgment of the circuit court is further wrong for the reason that it rendered a judgment for something that was not pleaded nor asked for in plaintiff's petition. The judgment of the circuit court cannot be sustained under the doctrine of subrogation because the Federal Land Bank merely loaned the money with which the prior deeds of trust were paid and this gave them no right of subrogation. We contend that when these deeds of trust were paid that the debt was extinguished and no longer possessed any force or vitality.''

The proceeds of the land bank loan were paid to the holders of the three notes given in connection with the Kansas City loan, and at that time the payees of these notes may have understood that the notes were being discharged and extinguished, and Baker when he remitted the proceeds of the land bank loan may have thought that such would be the case. But such impression, if it existed, was based on the assumption that the defendant bank would release its deed of trust on the 209 acres and accept in lien thereof a deed of trust on the 329 acres subject to the land bank's lien. Baker as secretary-treasurer of the Conway National Farm Loan Association received the $9,000 from the plaintiff land bank and deposited the whole amount thereof in defendant bank, the deposit being made to the credit of the Conway National Farm Loan Association. The president of the defendant bank assisted Baker in figuring the amount due on the notes given in connection with the Kansas City loan and knew that the proceeds of the land bank loan were used to pay these notes. Concerning the depositing of the drafts for $9,000 Baker testified as to the circumstances, and his conversation with the president of defendant bank as follows:

"Q. What did you do with that draft or check? A. I think I received it about the 21st of May, and I went into the Farmers Bank and endorsed it and started to deposit it, and Mr. Rader said, 'I don't know whether we are going to be able to take a second mortgage or not.' I said, 'All right, if you can't, I'll not deposit this draft, but will have to send it back and cancel the deal.' I went home and on the 23rd I was back in Conway and saw Mr. Rader, and he said he had the arrangements made whereby he could take the second mortgage. So I went to the bank and deposited the money.

"Q. How did you deposit it? A. To the account of the association, the Conway National Farm Loan Association.

"Q. What official position, if any, did you have then with the Conway National Farm Loan Association? A. Secretary-Treasurer."

It also appears that Mr. Rader, the president of the defendant bank, is a notary public, and that he took the acknowledgment of Baker and his wife to the deed of trust that was given to plaintiff land bank. The Conway National Farm Loan Association is a local association and is the agent and representative of plaintiff land bank. The $9,000 draft was sent to the local association, deposited to its credit, and by it paid out on the Kansas City loan, and the $7,000 note and the $350 note were assigned in blank and in legal effect delivered to the plaintiff land bank and not Baker. Baker at all times acted in his representative capacity when dealing with the proceeds of the land bank loan so far as paying out the proceeds was concerned. There is some contention that Baker individually paid off the $175 note given in connection with the Kansas City loan. The record shows that this note was assigned to Baker. But it also appears that Baker was reimbursed by the local Conway National Farm Loan Association out of the proceeds of the land bank loan.

The three notes that were given in connection with the Kansas City loan were marked "paid" by the holders when remittance was received, but the record of the deeds of trust securing these notes was not satisfied.

The trial court found that the notes and trust deeds given in connection with the Kansas City loan were not extinguished and discharged. In effect the decree subrogates plaintiff land bank to all the rights of the original holders of the notes and deeds of trust given in connection with the Kansas City loan. Clearly plaintiff land bank furnished the money to pay the notes given in connection with the Kansas City loan, and did so at the instance and request of the Bakers, the debtors. Therefore plaintiff land bank is in no sense a volunteer. [State Savings Trust Company v. Spencer, 201 S. W. (Mo. App.) 967; Evans v. Halleck, 83 Mo. 376; Norton v. Highleyman, 88 Mo. 621; Moore v. Lindsey, 52 Mo. App. 474; Capen v. Garrison, 193 Mo. 335, loc. cit. 343, 92 S. W. 368; Wolff v. Walter et al., 56 Mo. 292; Sears et al. v. Patterson, 54 Mo. App. 278; Berry v. Stigall, 253 Mo. 690, 162 S. W. 126, 50 L. R. A. (N. S.) 489, Ann. Cas. 1915C, 118; Fowler v. Fowler, 78 Mo. App. loc. cit. 334; Holland Banking Co. v. See, 146 Mo. App. loc. cit. 275, 130 S. W. 354; Davenport v. Timmonds, 157 Mo. App. 360, 138 S. W. 349; Demeter v. Wilcox, 115 Mo. 634, 22 S. W. 613, 37 Am. St. Rep. 422; 37 Cyc. 473.]

In State Savings Trust Co. v. Spencer, supra, we quoted with approval from 37 Cyc. 473 as follows:

"Where one advances money upon real estate security for the express purpose of paying off a mortgage or other incumbrance on the same property, upon an understanding express or implied that his security will be subrogated in place of that which he discharged, and that he should have a first lien on the property, he is not a volunteer, nor is the original incumbrance considered extinguished; and if for any reason his security turns out not to be a first lien, he will be subrogated to the extent of the incumbrances paid with the money loaned by him, if not chargeable with culpable and inexcusable neglect, and if this security is otherwise insufficient, and such subrogation is necessary for the better security of the mortgage debt, notwithstanding the mortgage itself may have been canceled and not assigned and the mortgage debt discharged."

In the State Savings Trust Company Case we considered at some length the law of subrogation and the rights of one occupying a position similar to that occupied by plaintiff land bank in the cause at bar, and we could not add to the clarity of the law by a lengthy consideration here. We have no doubt about the correctness of the conclusion reached by the trial court, and the judgment there rendered should be affirmed, and it is so ordered. *Cox, P. J.,* and *Bailey, J.,* concur.